UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60732-CIV-DAMIAN

NINA RUGGIERO,

      Plaintiff,

v.

HOLIDAY CVS, L.L.C. and
JANE DOE,

      Defendants.

_____/

## ORDER ON MOTION TO REMAND [ECF NO. 8]

**THIS CAUSE** is before the Court on Plaintiff, Nina Ruggiero's, Motion to Remand, filed on April 13, 2026. [ECF No. 8 ("Motion")].

THE COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 11, 12], the pertinent portions of the record, and relevant authority and is otherwise fully advised. For the reasons set forth below, this Court denies the Motion.

## I. BACKGROUND

On October 30, 2025, Plaintiff, Nina Ruggiero ("Plaintiff" or "Ms. Ruggiero"), filed the Complaint in State Court in the Seventeenth Judicial Circuit in and for Broward County, Florida. [ECF No. 1-1]. In the Complaint, Ms. Ruggiero asserts negligence claims against the Defendants, Holiday CVS, L.L.C. ("Holiday CVS") and an individual identified as Jane Doe, the manager of the CVS pharmacy, based on allegations that Ms. Ruggiero was injured as a result of a rack suddenly and unexpectedly falling and striking her at a CVS pharmacy in Parkland, Florida, on July 21, 2025. *See generally id.*

On March 13, 2026, Defendant Holiday CVS removed the case to federal court based on diversity jurisdiction. [ECF No. 1]. In the Notice of Removal, Holiday CVS asserts that complete diversity exists and that the amount in controversy exceeds $75,000. *See generally id.* As to the amount-in-controversy requirement, Holiday CVS points to Ms. Ruggiero's Initial Disclosures, in which she indicates she seeks "damages in excess of $10,000,000.00." *Id.* at 9; *see also* Notice of Removal ¶ 13. One month after the case was removed, on April 13, 2026, Ms. Ruggiero filed the instant Motion seeking to remand this action, arguing that the removal was untimely because it was not done within thirty days of notice of the amount in controversy. The Motion is fully briefed and ripe for adjudication.

## II.    APPLICABLE STANDARDS

A federal court should remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).

Federal district courts may exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Such diversity jurisdiction requires complete diversity: Every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The party invoking federal jurisdiction must establish that the amount in controversy exceeds $75,000. *See id.* § 1332(a).

2

"The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). The rule is clear that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212–13 (11th Cir. 2007) (establishing the procedural timelines for removal by requiring defendants to act within thirty days of receiving either the initial pleading or a later document that first makes the case removable). The Eleventh Circuit has interpreted this language to mean that the removal clock under section 1446(b)(3) is triggered only when the document in question "unambiguously establish[es] federal jurisdiction." *Lowery*, 483 F.3d at 1213.

### III.   ANALYSIS

#### A. The Parties' Arguments

In her Motion, Ms. Ruggiero contends that removal was untimely because Holiday CVS was on notice that the amount in controversy exceeds the $75,000 jurisdictional threshold upon service of the initial pleadings on November 13, 2025, and yet Holiday CVS did not seek removal until well beyond the 30-day deadline under 28 U.S.C. § 1446(b). According to Ms. Ruggiero, upon service of the Complaint and the Civil Cover Sheet, Holiday CVS had all information necessary to ascertain that the amount in controversy exceeded the jurisdictional minimum. *See* Mot. at 3.

In the Complaint, Ms. Ruggiero alleges actual damages in excess of $50,000, excluding costs, interest, and attorney's fees. *See* Comp. ¶ 1. In the civil cover sheet filed with the State

3

Court Complaint, Ms. Ruggiero's counsel marked the box indicating "over $100,000.00" for the estimated amount of claim. *See* ECF No. 1-10. Ms. Ruggiero argues that Holiday CVS's reliance on the Initial Disclosures is misplaced because removability was apparent from the face of the initial pleadings, and, therefore, the removal was untimely and the case should be remanded.

In response, Holiday CVS asserts that that the Notice of Removal was filed within 30 days of receipt of Plaintiff's Initial Disclosures, which were served on February 12, 2026, when Holiday CVS first ascertained that this case had become removable. Resp. at 2. Holiday CVS argues that the civil cover sheet did not provide an "unambiguous statement that clearly establishes federal jurisdiction," and thus, did not trigger the 30-day removal period. *Id.* (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007)). In her Reply, Ms. Ruggiero repeats her argument that the civil cover sheet coupled with the Complaint provided enough information for Holiday CVS to ascertain the amount in controversy for purposes of removability.

### B. Whether The Civil Cover Sheet Triggered Removal.

As indicated above, Ms. Ruggiero points to the civil cover sheet, which, as set forth above, expressly states that her claim exceeds $100,000. She also points to allegations in her Complaint that "the amount Plaintiff has entered in the civil cover sheet . . . is for jurisdictional purposes only." Holiday CVS, on the other hand, argues that the civil cover sheet filed by Plaintiff's counsel in the State Court action did not trigger the clock for removal because it is intended as a primarily administrative document. Resp. at 5. This Court agrees. In fact, the majority of courts to consider the weight to be given a civil cover sheet in determining the amount in controversy have held that—because of the vague, conclusory, and administerial nature of a civil cover sheet—such evidence, by itself, is insufficient to

4

establish the amount in controversy. *See Chase v. Holiday CVS, LLC,* No. 22-cv-20752, 2022 WL 2135446, at *3 (S.D. Fla. May 13, 2022) (Bloom, J.) (finding that the civil cover sheet, alone, is insufficient to establish the amount in controversy) (collecting authorities); *accord Mager v. Katz*, No. 21-CV-62350, 2023 WL 3578989, at *1 (S.D. Fla. May 21, 2023) (Ruiz, J.) (same); *Martinez-Lopez v. Bowden*, No. 3:23-CV-736, 2024 WL 1252381, at *3 (M.D. Fla. Mar. 25, 2024) (Corrigan, J.) (same) (collecting authorities).

Turning then to Ms. Ruggiero's argument that the civil cover sheet coupled with the Complaint provided sufficient information to ascertain the amount in controversy when the pleadings were served, Ms. Ruggiero contends "the Civil Cover Sheet expressly stated that the 'Amount of Claim' exceeded $100,000.00 and the Complaint specifically incorporated that amount for jurisdictional purposes, thereby providing sufficient information for Defendant to ascertain the amount in controversy upon service of the initial pleadings." Mot. at 3–4.

It is true that the Complaint expressly states, "This is an action for damages in excess of Fifty Thousand ($50,000) Dollars, excluding costs, interest, and attorney's fees." Compl. ¶ 1. However, that same paragraph in the Complaint that Ms. Ruggiero relies on also states as follows:

> The amount Plaintiff has entered in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet is for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only).

*Id*. And in the civil cover sheet itself, the same language is repeated: "The estimated amount of the claim is requested for data collection and clerical purposes only. **The amount of the claim shall not be used for any other purpose**." *See* ECF No. 1-10. The specific paragraph referenced in the Complaint does not support Ms. Ruggiero's contention that the "estimated

5

amount of the claim" selected in the civil cover sheet is incorporated into the Complaint for purposes of establishing the amount in controversy pursuant to 28 U.S.C. § 1332(a). And Ms. Ruggiero cites no authority in support of her incorporation argument.

In assessing the propriety of removal under Section1446(b), "the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213. Here, the Complaint alone clearly did not "unambiguously establish federal jurisdiction." And, contrary to Ms. Ruggiero's argument, the Complaint coupled with the information on the estimated amount of the claim in the civil cover sheet did not "unambiguously establish federal jurisdiction." If anything, the documents provide an inconsistent assessment as to the amount in controversy (in excess of $50,000 vs. over $100,000). This Court finds that the civil cover sheet and the language in the Complaint did not trigger the removal clock under Section 1446(b)(3).

### C. *Whether The Initial Disclosures Unambiguously Establish Federal Jurisdiction.*

As noted above, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). It is well settled that an "other paper" is any document generated within the state court proceeding, either through discovery, pleadings, or formal service, that results from the voluntary act of the plaintiff and provides the defendant with notice that the case has become removable. *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000). Hence, when removal is based on an "other paper," the defendant must satisfy three elements: "there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant

must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n.63 (quoting § 1446(b)). Moreover, in the context of § 1446(b)(3) removals, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* And in this context, the "other paper" must be received after the initial pleading; it cannot predate the complaint. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("[W]e conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period.").

Holiday CVS avers that it timely removed this case to federal court based on diversity of citizenship[1] upon receipt of Plaintiff's Initial Disclosures, wherein she indicated that she was seeking damages in excess of the $75,000 jurisdictional threshold. Resp. at 2. "[C]ourts in our Circuit often rely on the initial disclosures as unambiguous written evidence triggering the removal deadline under [S]ection 1446(b)(3)." *Cuesta v. Holiday CVS, LLC*, No. 25-25695-Civ, 2026 WL 1162323, at *7 (S.D. Fla. Apr. 29, 2026) (Torres, Mag. J.) (collecting authorities).

Here, the Plaintiff's Initial Disclosures, which were served on February 12, 2026, were not ambiguous. The document explicitly states that Ms. Ruggiero is seeking damages "in excess of $10,000,000.00." [ECF No. 1-8]. Thus, the initial disclosures constitute an "other paper" which contains "an unambiguous statement that clearly establishes federal jurisdiction." Because the Notice of Removal was filed within 30 days after receipt of Plaintiff's Initial Disclosures, the removal was timely.

---

[1] The parties do not dispute that diversity of citizenship exists between Plaintiff, a citizen of Florida, and Defendant Holiday CVS, a citizen of the state of Rhode Island, where its sole managing member, CVS Pharmacy, Inc., is incorporated and has its principal place of business. *See* Notice of Removal at 8.

**IV.    CONCLUSION**

For the reasons set forth above, this Court finds that Defendant Holiday CVS timely removed this case to federal court within 30 days of receipt of Plaintiff's Initial Disclosures, which provided for the first time in this action an "unambiguous statement that clearly establishes federal jurisdiction." Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion for Remand **[ECF No. 12]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 19th day of May, 2026.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record